UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID D. JEFFERSON, JR.,

    Plaintiff,

v().    Case No. 3:17-cv-623-J-39JRK

DUVAL PRETRIAL DETENTION FACILITY,

    Defendant.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, a pretrial detainee at the Duval County's John E. Goode Pretrial Detention Facility ("Duval County Jail"), initiated this action by filing a pro se Civil Rights Complaint Form (Complaint) (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2). In the Complaint, Plaintiff asserts that he was taken from the "Jacksonville County Jail" to the Florida State Hospital (FSH) against his will. Complaint at 5. Plaintiff alleges that he stayed at the FSH for one year and seven months, and because of his stay he is "mentally messed up." Id.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from suit relief. See 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of § 1915(e)(2)(B)(ii) mirrors that of Rule 12(b)(6), Federal Rules of Criminal Procedure, as such courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483,

1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted). In conducting this review, of course the Court is mindful of its obligation to read a pro se litigants allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654 F.3d at 1175. In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

As an initial matter, Plaintiff fails to name the defendants he seeks in sue in the caption of the Complaint or list any defendants under section IV, "Parties" of the Complaint. Nevertheless, liberally construing the Complaint that mentions "the jail" and "the courthouse", the Court concludes that Plaintiff seeks to sue the Duval County Jail and the Duval County Courthouse (DCC). Complaint at 6. That said, neither Defendants

are proper defendants in a § 1983 case.  See Baker v. Jacksonville Sheriff's Office, No. 3:16-cv-1202-J-34MCR, Doc. 4 (M.D. Fla. Sept. 26, 2016) (dismissing action finding the Jacksonville Sheriff's Office and Duval County Jail were not legal entities subject to suit under 42 U.S.C. § 1983); Williams v. Monroe Cty. Dist. Att'y, No. 14-0250-CG-M, 2016 WL 109998, at *1 (S.D. Ala. Jan. 7, 2016) (adopting the report and recommendation that recommended dismissing the Monroe County Courthouse as a defendant because it was not a legal entity subject to suit or liability under 42 U.S.C. § 1983); White v. Duval Cty. Pretrial Det. Facility, No. 3:11-cv-635-J-32MCR, Doc. 7 (M.D. Fla. July 6, 2011) (dismissing the Duval County Pretrial Detention Facility as a defendant because it was not an entity subject to suit under 42 U.S.C. § 1983); Ortiz-Bachorik v. Orange Cty. Courthouse (Orlando), No. 6:11-cv-30-Orl-22KRS, 2011 WL 613682, at *1 (M.D. Fla. Feb. 15, 2011) (adopting the report and recommendation that recommended dismissing the Orange County Courthouse (Orlando) as a defendant from a § 1983 action because it was not a proper defendant).

Moreover, assuming Plaintiff can assert defendants amenable to suit, Plaintiff fails to allege facts sufficient to establish that a constitutional deprivation has occurred.  Even to the extent Plaintiff can sue the DCC as a municipality, Plaintiff fails to allege the DCC had a custom or policy that caused a constitutional deprivation.  See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) ("to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.").  Therefore, Plaintiff fails to state a claim on which relief may be granted.

Based on the foregoing, the Court dismisses this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is

**ORDERED and ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of June, 2017.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

sflc

c: David D. Jefferson, Jr.